UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Terry W. Johnson, #262238 ) | C/A No. 5:14-4005-DCN-KDW |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | REPORT AND RECOMMENDATION |
| ) | |
| Officer V. Lovin, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Plaintiff, proceeding pro se and *in forma pauperis*, brought this action alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. This matter comes before the court on Plaintiff's Motion for Temporary Restraining Order ("TRO"). ECF No. 11. Pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(e) (D.S.C.), this magistrate judge is authorized to review pretrial matters in cases involving pro se litigants and submit findings and recommendations to the district court.

In his Motion for a TRO, Plaintiff requests that the court issue an order requiring that Plaintiff and Defendant—a corrections officer at the prison where Plaintiff is housed—be kept apart. Plaintiff states that Defendant "feeds me my food and take[s] me to the shower and I think he will do something to hurt me like he did before . . . ."[1] ECF No. 11 at 1. Plaintiff concludes his one-paragraph Motion by stating that he wants a "TRO ASAP! because he [is] still up here around me and I feel like he may hurt me or put something in my food." *Id*. This is the full extent of the allegations in Plaintiff's Motion.

"[P]reliminary injunctions are extraordinary remedies involving the exercise of very far-reaching power to be granted only sparingly and in limited circumstances." *MicroStrategy*

---

[1] In bringing suit, Plaintiff alleges Defendant intentionally kicked the meal flap on Plaintiff's cell

*Inc. v. Motorola, Inc.*, 245 F.3d 335, 339 (4th Cir. 2001) (internal citations and quotation marks omitted).[2] "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008). A plaintiff does not have an automatic right to a preliminary injunction, and such relief should be used sparingly. The primary purpose of injunctive relief is to preserve the status quo pending a resolution on the merits. Injunctive relief which changes the status quo pending trial is limited to cases where "the exigencies of the situation demand such relief." *Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir. 1980).

The undersigned finds Plaintiff has failed to establish the elements necessary to demonstrate the need for a TRO. There are no allegations in the Motion or in Plaintiff's Complaint showing Defendant has a propensity for contaminating inmates' food or that he routinely attempts to harm Plaintiff or other inmates. Moreover, Plaintiff does not allege any facts showing that his expressed fear of Defendant is anything other than speculative. The minimal allegations in the Motion are insufficient to establish that Plaintiff will suffer irreparable harm if he and Defendant are not separated, that there is a likelihood that he will eventually succeed on the merits of his Complaint, or that the public interest lies with granting the requested relief. As a result, Plaintiff's Motion fails to satisfy the requirements for a TRO/preliminary injunction established in the *Winter* case.

---

door while Plaintiff's hand was stuck in the meal-service slot in the door. Compl. 3, ECF No. 1.
[2] The standard for granting a TRO and a preliminary injunction are the same. *See Z–Man Fishing*

Based on the foregoing, it is recommended that Plaintiff's Motion for a TRO, ECF No. 11, be denied.

IT IS SO RECOMMENDED.

November 17, 2014 Kaymani D. West
Florence, South Carolina United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

*Prods. v. Renosky*, 790 F. Supp. 2d 418, 425 (D.S.C. 2011).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 2317**
> **Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).